IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-1379-RGA |
| DELAWARE STATE POLICE, *et al.*, | : |
| Defendants. | : |

Matthew Jones, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 3, 2024
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). He commenced this action on December 4, 2023, with the filing of the Complaint. (D.I. 2). On March 1, 2024, Plaintiff filed a document he may have intended as a separate complaint.[1] (D.I. 5). Plaintiff has filed a motion for default judgment. (D.I. 7). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint. I state them in the light most favorable to Plaintiff.

According to the Complaint, in the summer of 2000, when Plaintiff was fourteen years old, his aunt "planned scheduled anal rapes and tortures for [Plaintiff] from the police all along the U.S. Route 13 Highway from Delaware to Georgia, to Florida and back to Delaware." (D.I. 2 at 1-2). The Complaint alleges rape and torture by law enforcement and others in Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Louisiana, Alabama, Mississippi, Arkansas, Tennessee, Kentucky, Missouri, and West Virginia. (*Id.* at 2-4).

The experience left Plaintiff "in a mental delirium that continued for twenty years." (*Id.* at 4). The experience also harmed Plaintiff physically and included loss of blood,

---

[1] Plaintiff filed a civil cover sheet (D.I. 5-1), which usually indicates a separate case. The lead defendant, the Delaware State Police, and the general nature of the allegations are the same as in the original complaint,

1

internal bleeding, broken ribs, broken joints and eye sockets, and death. (*Id.*). "To resurrect [Plaintiff] from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." (*Id.*).

The second complaint refers to the police shooting Plaintiff in June 2001. (D.I. 5 at 3). It also refers to rapes occurring in Ohio, in the U.S. District Court and in the Wicomico County District Court in Salisbury, Maryland, and the twenty years of delirium that followed and the need for the medicine from the 250 year old tree. (*Id.* at 3-4).

Based on the foregoing, the Complaints allege negligence, violations of 42 U.S.C. § 1983, the Fourteenth Amendment, the Eighth Amendment, the Federal Tort Claims Act, Delaware tort law, and federal criminal laws prohibiting rape, sexual assault, and aiding and abetting. (D.I. 2 at 5-9; D.I. 5 at 4-10). The Complaint demands judgment against Defendants "in the amount of $125,000, for compensatory damages, including pain and suffering, and special damages, together with the costs of this action." (D.I. 2 at 11). The second complaint increases the damages amount to at least $250,000,000. (D.I. 5 at 11).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take

them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then

3

determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Both of Plaintiff's Complaints are frivolous. The original Complaint details a coordinated effort by Plaintiff's family members and government officials across fifteen states to rape and torture Plaintiff during a road trip when Plaintiff was fourteen years old, during which Plaintiff died and was brought back to life numerous times with medicine derived from a 250-year-old tree. The second Complaint is narrower in geographic scope and gives less explanation for why the rapes occurred, but still involves resuscitation from the dead with the aid of the 250-year-old tree. This fantastic, delusional factual scenario is the basis for all claims stated in the Complaints. As such, dismissal is warranted. *See Dooley*, 957 F.3d. at 374.

Amendment is futile.[2] Plaintiff has filed two related delusional complaints. There is no possibility that he can file a plausible complaint concerning the same conduct. Because the Complaint will be dismissed, Plaintiff's motion for default judgment will also be denied. (D.I. 7).

---

[2] Plaintiff has been filing complaints alleging "violent rapes via police officers and others as a young lad" since at least 2017. *See Jones v. Delaware State Police*, No. 17-679-RGA D.I. 1 at 3-4 (filed Feb. 23, 2017).

4

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court will deny Plaintiff's motion for default judgment.

An appropriate Order will be entered.